IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSCOLA DIVISION

LATONYA COPELAND,

    Plaintiff,    CASE NO.:
3:08cv553/MCR/MD

PRISON HEALTH SERVICES, INC., a foreign
Corporation; JOSEPH P. MONASTERO, M.D.;
in his individual capacity; ELIZABETH
MCCORMACK, in her individual capacity; and
THERESA FRANKLIN, LPN, in her individual
Capacity,

    Defendants.
_____/

### ANSWER TO COMPLAINT BY DEFENDANTS PRISON HEALTH SERVICES, INC., AND JOSEPH P. MONASTERO, M.D.

Defendants, PRISON HEALTH SERVICES, INC., a foreign corporation, and JOSEPH P. MONASTERO, M.D., by and through their undersigned counsel, hereby respond to Plaintiff's Complaint, as follows:

I. Admitted that the claims purport to be a cause of action for damages and attorney's fees, however, Defendants deny liability therefore.

II. Admitted that this purports to be a cause of action for violation of the Fourteenth Amendment, however, denied that Plaintiff was a "pretrial detainee" and further denied that there was any deliberate indifference to a known serious medical need.

1. Admitted for jurisdictional purposes only.

2. Admitted that venue is appropriate in the United States District Court, Northern District of Florida, Pensacola Division.

3. Admitted that all of the alleged acts, omissions and practices complained of occurred within the jurisdiction of this Court.

4. Admitted that Plaintiff seeks compensatory and punitive damages as set out in the complaint along with costs, and expenses along with attorney's fees; however, denied that there is any liability therefore.

5. Admitted that these Defendants acted under the color of state law.

6. Admitted.

## II. PARTIES

7. Without knowledge.

8. Admitted.

9. Admitted.

10. Without knowledge.

## III. FACTS APPLICABLE TO ALL COUNTS

11. Without knowledge as to the specific date of arrest, however, admitted that during the time period in the Escambia County Jail, the Plaintiff was seen and evaluated at various times by PHS, its employees, agents and servants.

12. Denied.

13. Admitted that Plaintiff completed a medical request form on January 13, 2006, for the complaints listed in that form and was referred to a Nurse Practitioner. Otherwise, without knowledge.

14. Admitted that on January 27, 2006, the Plaintiff completed a medical request form for the complaints listed in that form and was triaged by Theresa Franklin.

15. Admitted that on March 21, 2006, the Plaintiff completed a medical request form for the complaints listed in that form and noted that she was reporting this for "documentation purposes".

16. Admitted that on April 22, 2006, the Plaintiff completed a medical request form for the complaints listed in that form and she was triaged and as noted on the form was referred to an M.D. for evaluation. Otherwise, denied.

17. Admitted that on May 27, 2006, the Plaintiff completed a medical request form for the complaints listed in that form.

18. Admitted that on July 7, 2006, the Plaintiff completed a medical request form for the complaints identified in both eyes. Otherwise, denied.

19. Admitted that on July 11, 2006, the Plaintiff completed a medical request form for the complaints listed in that form. She was triaged by a nurse, referred to a nurse practitioner, and to notify a doctor if the problems were still an issue or reoccurred.

20. Admitted that on July 28, 2006, the Plaintiff completed a medical request form for the complaints listed in that form. Her complaint was triaged on July 28, 2006 and she was seen by an ARNP on August 1, 2006. Otherwise, denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Admitted that Defendant Dr. Monastero was a PHS employee and the Medical Director of services at the Escambia County Jail. It is further admitted that on April 22, 2006, Dr. Monastero prescribed Gentamicin ophthalmic drops as noted in the physician orders of that date.

26. Denied.

27. Admitted that Plaintiff had a left sided evisceration with implantation on June 6, 2007. The remaining allegations are denied as phrased.

28. Denied.

29. Without knowledge.

## COUNT I
## CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §1983
## INDIVIDUAL CAPACITY DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS CLAIMS

30. Defendants reassert their responses to paragraphs 1-29 as if fully set forth herein.

31. Admitted.

32. Admitted that the Fourteenth Amendment to the United States Constitution imposes a duty not to be deliberately indifferent to a serious medical need and further admitted that Defendants Monastero, Franklin and McCormack did not act with deliberate indifference to a known serious medical need. Further admitted that the acts of Defendants PHS and Monastero were under the color of state law.

33. Admitted.

34. Denied.

35. Denied.

36. Denied.

37. Defendants deny Plaintiff's entitlement to the relief sought in paragraphs A-F.

## COUNT II
## STATE LAW CLAIM FOR MEDICAL NEGLIGENCE
## AGAINST DEFENDANT PHS

38. Denied as phrased. Admitted however that the cause of action against these Defendants is governed by Florida Statute, Chapter 766 pertaining to medical malpractice actions.

39. Defendant realleges its responses to paragraphs 1-29 as if fully set forth herein.

40. Admitted.

41. Admitted.

42. Without knowledge.

43. Denied.

44. Admitted that PHS is vicariously liable for the actions of Defendants Monastero, McCormack, and Franklin; however, denied that any or all of those defendants were negligent.

45. Denied.

46. This paragraph does not require any response by this defendant.

All allegations, contentions, and prayers for relief set out in the complaint not specifically admitted herein are hereby denied.

## AFFIRMATIVE DEFENSES

1. This Complaint is not actionable pursuant to Title 42 U.S.C. §1983 in that any and all actions taken by these Defendants reflect, at worst, merely negligent activity and as such are not constitutionally actionable.

2. Any injurious results about which the Plaintiff complains did not arise as a result of a custom, policy or practice routinely in effect with the Defendants. No history of widespread abuse or any custom or policy, either formal or informal, exists sufficient to put PHS as an alleged state action on notice of the potential for civil or constitutional violations.

3. No causal connection exists between the actions of PHS in the alleged deprivation of the Plaintiff's civil or constitutional rights. No history of widespread abuse of any custom or policy, formal or informal, exists sufficient to put PHS or supervisory official on notice of the potential for civil or constitutional violations.

4. PHS was not personally involved in the incidents complained of, nor did it establish any custom or policy which caused the alleged incident. A cause of action cannot be maintained under 42 U.S.C. §1983 under a respondent superior theory.

5. Because the employees involved did not violate any constitutional rights, there can be no liability under §1983 for PHS.

6. Plaintiff may have been the beneficial recipient of recovery from collateral sources. Accordingly, these Defendants are entitled to setoff from any damages award those payments from collateral sources.

7. Any damages awardable to Plaintiff under any claims brought pursuant to Florida law are governed by the limitations found in Section 768.28, Florida Statutes.

8. Plaintiff may have failed to use reasonable and proper efforts to mitigate damages.

9. PHS enjoys the benefit of the defense of sovereign immunity for any claims brought against them under Florida law for any actions involving the exercise of governmental discretion or that were not operational in nature.

10. As it relates to the claims against PHS for medical malpractice, the injury or damages claimed by plaintiff, if any, were solely and proximately caused by the acts or omissions of persons or entities other than this defendant, including any delays in care caused by Security and /or transportation issues at the Escambia County Jail over which this defendant has no control. Plaintiff is therefore entitled to recover from this defendant only to the extent of this defendant's percentage of fault in accordance with Chapter 768, Florida Statutes.

11. Plaintiff failed to comply with the presuit requirements of Chapter 766 by failing to secure an expert review prior to service of the notice of intent.

ANDREWS, CRABTREE, KNOX & ANDREWS, LLP

*Jeannette M. Andrews*
Jeannette M. Andrews, FBN: 0352896
Post Office Box 12800
Tallahassee, Florida 32317-2800
850-297-0090
850-297-0219 facsimile
Attorneys for Defendants, Prison Health Services, Inc., and Joseph P. Monastero, M.D.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to: **Marcus J. Michles, II, Esq.** and **Christopher P. Janes, Esq.**, Michles & Booth, P.A., 501 Brent Lane, P.O. Box 13367, Pensacola, FL 32503; and **Joseph Brooks, Esq.**, 2629 Mitcham Drive, Tallahassee, FL 32308 this 24th day of March, 2009.

*Jeannette M. Andrews*
Jeannette M. Andrews